UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TODD J. VERDONE,

Plaintiff,

v.

STATE OF MINNESOTA, MARY KIFFMEYER, MAE SCHUNK, KRISTINE M. HERNANDEZ, LOUISE DOVRE BJORKMAN, DALE B. LINDMAN, JOHN VAN DE NORTH, MIKE BURKE, KEN GROSINGER, DIANE DREWRY, PAMELA RILEY, ROBERT A. PLESHA, BRUCE RIVERS, STATE OF WISCONSIN, TOMMY THOMPSON, DOUGLAS LAFOLLETE, C. WILLIAM FOUST, THOMAS A. WICKEHAM, MICHAEL R. KLOS, PENNY MUNSON, JAMES EHLERT, JAMES WILLGER, MARY K. MILLS, KEVIN M. SCHRAM, JONATHAN ENGEL, GARY L. CARLSON, JAMES P. JANSEN, YVONNE BAUER, EVERETT HALE, DONALD WRIGHT, ANGIE BECKER, BRIAN DECKER, LORI ROGERS-HARTL, HOLLY DRAEGER, KIM KASPEREK, RHONDA GRAUMAN, and all other unknown defendants 1-500,

Defendants.

Civil No. 00-251 (ADM/JGL)

REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at the Taylor County Jail in Medford, Wisconsin, has filed a document that appears to be a civil complaint. (Docket No. 1.) He did not pay the $150 filing fee that is required in federal civil cases, (28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 3.) Plaintiff's pleading and IFP application are now properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §

FILED FEB 1 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's pleading fails to state any claim on which relief can be granted. It is therefore recommended that Plaintiff's IFP application be denied, and that the action be dismissed.

## I. BACKGROUND

Although much of Plaintiff's pleading is difficult to decipher, the fundamental facts of this case seem to be fairly straightforward. Plaintiff alleges that on August 31, 1999, he was taken into custody and placed in the Ramsey County Jail in St. Paul, Minnesota. He remained there until October 16, 1999, when he was transported to the Taylor County Jail in Medford, Wisconsin. For reasons not explained in Plaintiff's pleading, he is still being kept in jail in Wisconsin at this time.

Plaintiff is now attempting to sue 36 named Defendants and 500 "unknown defendants," most of whom apparently are state or local government employees. As far as the Court can discern, Plaintiff is claiming that Defendants are responsible for his past and present incarceration. He is asking the Court to order that he be released from custody.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various governmental entities and employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed

to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted.

Plaintiff's action is barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that an individual held in state custody cannot challenge the propriety of his or her confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that he or she is wrongly incarcerated. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant case, it is readily apparent that Plaintiff is challenging the propriety of his confinement at the Taylor County Jail. Indeed, he is expressly asking this Court to enter a judgment that would effect his release from jail. According to Preiser and Heck, however, Plaintiff cannot challenge the fact or duration of his confinement in a civil action such as this one. Habeas corpus is the sole federal remedy available to Plaintiff for the relief that he is seeking in this case.[1]

Under certain circumstances, Plaintiff's complaint might be construed as an application for federal habeas corpus relief. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton,

---

[1] Even if Plaintiff were seeking only money damages, his present lawsuit still would be barred, because a judgment in his favor on his current claims would undermine the validity of his confinement. See Heck, 512 U.S. at 486-87; Sheldon, 83 F.3d at 233.

96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should be dismissed, and should not be converted to a habeas case). That cannot be done in this case, however, for two reasons.

First, a habeas corpus petition could not be entertained here, because neither Plaintiff nor his present custodian are located in this State. As a general rule, the government official who has custody of a detained individual must be named as the respondent in an application for habeas corpus relief. See Rule 2(a) of the Rules Governing Section 2254 Cases In The United States District Courts. In this case Plaintiff's present custodian apparently is the Sheriff for Taylor County, Wisconsin. Because the Taylor County Sheriff is not located in Minnesota, it does not appear that the U.S. District Court for the District of Minnesota would have personal jurisdiction over Plaintiff's custodian in this case. Therefore, Plaintiff cannot seek or obtain federal habeas corpus relief in this District. See U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court").

Secondly, it does not appear that Plaintiff has exhausted his state court remedies, (under Wisconsin law), for challenging the propriety of his confinement -- which is a prerequisite that must be satisfied before an individual in state custody can seek federal habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"). Plaintiff's current pleading does not describe any specific state court proceedings in which he has challenged his incarceration. There certainly is no reason to believe that he has fully exhausted all

available means of challenging his confinement in state court. See 28 U.S.C. § 2254(c); see also O'Sullivan, 119 S.Ct. at 1732 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Thus, even if Plaintiff's pleading could be construed as a habeas corpus petition, and even if such a petition could be entertained in this State, this case would have to be summarily dismissed on the grounds that Plaintiff has failed to exhaust all available state court remedies.

## III. CONCLUSION

In sum, Plaintiff has failed to state a claim on which relief can be granted because the relief that he is seeking here -- release from state custody -- is not available in a federal civil action. According to Preiser and Heck, habeas corpus is the exclusive federal remedy for the relief that Plaintiff is currently seeking. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The action will be dismissed without prejudice, however, so that Plaintiff will be able to pursue his claims in a more appropriate forum.[2]

Finally, based on the Court's recommendation that this action should be dismissed, it is further recommended that Plaintiff's IFP application should be denied. Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the full amount of the statutory

---

[2] Plaintiff presumably will have to complete a full round of Wisconsin state court proceedings, (including all available avenues of appeal), and thereafter seek federal habeas corpus relief, if necessary, in a Wisconsin federal district court.

filing fee. 28 U.S.C. § 1915(b).[3]

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b);

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**; and

3. Plaintiff be required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2).

Dated: February 11, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 1, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.